IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JUAN PABLO DIAZ-GUADARAMA,

    Petitioner,

v.                              CIVIL ACTION NO.: CV214-021

SUZANNE R. HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Pablo Diaz-Guadarama ("Diaz-Guadarama"), an inmate at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent filed a Response and Diaz-Guadarama filed a Traverse. For the reasons which follow, Diaz-Guadarama's petition should be **DENIED**.

## STATEMENT OF THE FACTS

Diaz-Guadarama was arrested on June 14, 2007, by Kentucky state authorities on outstanding state criminal charges. On June 20, 2007, he was indicted in the United States District Court for the Southern District of Indiana for conspiracy to distribute and possession with intent to distribute more than 500 grams of methamphetamine, more than 5 kilograms of cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (4:07-cr-00007-RLY-MGN, Doc. 1) (S.D. Ind.). On August 7, 2007, Diaz-

Guadarama was temporarily transferred from state custody, pursuant to a writ of habeas corpus ad prosequendum, for his initial appearance on the federal charges. After pleading guilty, Diaz-Guadarama was sentenced on September 24, 2008, to 210 months' imprisonment. The district court made no reference as to concurrency to the pending state sentence. Diaz-Guadarama was returned to state authorities on October 24, 2008. Diaz-Guadarama was sentenced in the Jefferson County Circuit Court to an aggregate of six years' imprisonment for trafficking in a controlled substance in the first degree, promoting contraband in the first degree, having no motor vehicle insurance, and failure to be in possession of license. Diaz-Guadarama's state sentence was set to run concurrent with the federal sentence. On April 20, 2010, Diaz-Guadarama was paroled from his state sentence and transferred for commencement of his federal sentence.

Diaz-Guadarama filed a motion in the United States District Court for the Southern District of Indiana requesting pre-trial jail time credit. (4:07-cr-00007-RLY-MGN, Doc. 311). This motion was denied by the court which stated that, although such may be challenged through a writ of habeas corpus, the computation of the sentence rests exclusively with the Federal Bureau of Prisons ("BOP") and the sentencing court has no jurisdiction to review that computation. (4:07-cr-00007-RLY-MGN, Doc. 314). Diaz-Guadarama filed a motion for clarification, which the court denied stating that, although the BOP must consider a *nunc pro tunc* designation it has no obligation to grant it, and the court is not required to take a position on the matter. (4:07-cr-00007-RLY-MGN, Doc. 317). Diaz-Guadarama submitted a *nunc pro tunc* request to the BOP, which submitted an inquiry to the sentencing court offering an opportunity for the court

2

to state its position regarding a retroactive and concurrent, or *nunc pro tunc*, designation. (4:07-cr-00007-RLY-MGN, Doc. 308). The BOP denied Diaz-Guadarama's request.

In the instant petition, Diaz-Guadarama argues that the BOP violated 18 U.S.C. § 3585 by failing to award him credit from June 21, 2007 to December 12, 2008 towards his federal sentence. In the alternative, Diaz-Guadarama asserts that the BOP violated 18 U.S.C. § 3585 by failing to designate the Kentucky state facility as a facility for service of his federal term of imprisonment or enter a nunc pro tunc designation prior to his transport and commitment to the BOP. Diaz-Guadarama appears to cite to Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) for support. Diaz-Guadarama requests that the Court enter an order directing that his sentence commence on June 21, 2007 or that the Kentucky state facility be designated as a facility for service of his federal sentence, effective "to" September 24, 2008. (Doc. 1, p. 8).

Respondent asserts that Diaz-Guadarama is not entitled to credit against his federal sentence, for the time period from June 21, 2007 to December 12, 2008, as this time period was credited towards his state sentence. Respondent argues that the BOP is not bound in any way by a state judge's determination that state and federal sentences are to run concurrently, and the BOP properly denied Diaz-Guadarama's request for a *nunc pro tunc* designation.

## DISCUSSION AND CITATION OF AUTHORITY

A petitioner "can receive credit for time served only if the specified time period has not been credited against another sentence." Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (petitioner cannot receive credit

AO 72A
(Rev. 8/82)

against federal sentence, when "this time period was credited against [state] sentence.").[1]

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). A "prerequisite to receiving credit for time served prior to the commencement of a federal sentence is that the time not be credited against any other sentence." Rios-Perez v. Haynes, No. CV211-049, 2011 WL 2469848, at *2 (S.D. Ga. May 19, 2011).

Diaz-Guadarama asserts that the BOP violated 18 U.S.C. § 3585 by failing to award him credit for the time period from June 21, 2007 to December 12, 2008 against his federal sentence. However, the time period spent prior to the commencement of Diaz-Guadarama's federal sentence was credited towards his state sentence. "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Accordingly, Diaz-Guadarama is not entitled to credit against his federal sentence for this period of time.

As this Court has stated before, a "federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of

---

[1] In Castillo v. Vasquez, Castillo was arrested on August 23, 2000, and released to federal authorities pursuant to a writ of habeas corpus ad prosequendum until November 20, 2001, when her sentence was imposed. (4:04-cv-00055-RH-WCS, Doc. 11, p. 2). Castillo was then returned to state custody and sentenced to fifteen years, to run concurrently with her federal sentence. Id. at 3. State authorities credited her the time from August 23, 2000 until her state sentencing on November 26, 2001. Id. The federal judge amended the sentence to run concurrently with the state sentence and requested that she receive credit from August 23, 2000 to November 20, 2001 against her federal sentence. Id. at 2-3. The United States District Court for the Northern District of Florida denied Castillo's petition, and the Eleventh Circuit affirmed. Castillo, 163 F. App'x at 804.

4

habeas corpus ad prosequendum; state authorities retain primary jurisdiction over the defendant until the state releases the defendant on satisfaction of the state obligation." Carter v. Vazquez, No. CV206-179, 2006 WL 3422409, at *2 (S.D. Ga. Nov. 28, 2006) (citation omitted). "Under this scenario, federal authorities are merely borrowing the defendant, and he is in 'temporary' custody of federal authorities." Id.; see also United States v. Mauro, 436 U.S. 340, 348 (1978). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. In other words, a "federal sentence begins when the defendant is received in federal custody to begin serving his sentence." United States v. Tubby, 546 F. App'x 869, 871 (11th Cir. 2013) (citing 18 U.S.C. § 3585(a)).

Diaz-Guadarama requests that this Court direct the BOP to commence his federal sentence on June 21, 2007, the day following his indictment. However, the earliest possible date for the commencement of Diaz-Guadarama's federal sentence was September 24, 2008. Diaz-Guadarama was not in custody of federal authorities, and his sentence did not commence, at the time of his federal indictment nor at the time he was released pursuant to a writ of habeas corpus ad prosequendum. The federal sentence did not have the same starting date as the state sentence, although the later state sentence was imposed to run concurrently with the federal sentence. Diaz-Guadarama's federal sentence commenced when he was received in federal custody to begin serving his sentence on April 20, 2010.

AO 72A
(Rev. 8/82)

The BOP may, in its discretion, "retroactively designate a state facility as the place for service of a federal sentence." Id. (citations omitted). "If a defendant is already serving a state sentence, this 'nunc pro tunc' designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently." Id. The Eleventh Circuit determined that "the word concurrent . . . does not mean that the two sentences hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (alteration in original) (citation omitted) (internal quotation marks omitted). Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." (Doc. 7-2, PS 5160.05 (7)-(9)).

Diaz-Guadarama requests that this Court enter an order designating the Kentucky state facility as a facility for serving his federal sentence by entering a *nunc pro tunc* designation. As the Respondent correctly observes, to the extent Diaz-Guadarama contends that the Jefferson County Circuit Court ordered his state sentence to be served concurrently with his federal sentence, such an order would have no binding effect on the federal government. See Finch v. Vaughn, 67 F.3d 909, 915 (11th Cir. 1995) ("[A] federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence.") (citation omitted).

AO 72A
(Rev. 8/82)

Although the BOP has, in its discretion, the authority to designate a state facility as the place for serving a federal sentence, which would have made Diaz-Guadarama's federal sentence concurrent with his state sentence, it refused to do so. Because the designation of the facility for service of a federal sentence is within the BOP's power, a § 2241 challenge to the BOP's decision to deny *nunc pro tunc* designation to a state facility is reviewed by the district court only for an abuse of discretion. Keohane, 921 F.2d at 478. If the BOP properly considered the prisoner's claim under the procedures set out in the Program Statement 5160.05 and the relevant statutes, its exercise of its discretionary authority should be upheld.

The BOP reviewed Diaz-Guadarama's request for retroactive *nunc pro tunc* designation. The federal record was silent on whether the sentence should run consecutively or concurrently to any state sentence. The BOP sent a letter to the sentencing judge to determine his position on the designation request. No response was received, but the court denied Diaz-Guadarama's motion to seek clarification of his sentence. The BOP conducted a review of the factors set out in 18 U.S.C. § 3621(b) to determine whether a *nunc pro tunc* designation of the state facility should be granted. Diaz-Guadarama's request for retroactive *nunc pro tunc* designation was denied by the BOP based on three of the five factors; Factor 2, the nature and circumstances of his offense; Factor 3, the history and characteristics of the prisoner; and Factor 4, the lack of any statement by the court that imposed the sentence. (Doc. 7-2, p. 89-90). The BOP validly exercised its discretion pursuant to the appropriate statutes and Program Statement 5160.05 to consider Diaz-Guadarama's request for *nunc pro tunc*

AO 72A
(Rev. 8/82)

designation. Its discretionary decision to deny that designation should not be disturbed by this Court.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Diaz-Guadarama's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)