IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JUAN PABLO DIAZ-GUADARAMA,

  Petitioner,

v.    CIVIL ACTION NO.: CV214-021

SUZANNE R. HASTINGS, Warden,

  Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Juan Pablo Diaz-Guadarama ("Diaz-Guadarama") filed Objections.

In his Objections, Diaz-Guadarama argues that Respondent did not properly consider the requirements of 18 U.S.C. § 3585 in processing his administrative remedies. Pursuant to this statute, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Thus, "a prerequisite to receiving credit for time served prior to the commencement of a federal sentence is that the time not be credited against any other sentence." Rios-Perez v. Haynes, No. CV211-049, 2011 WL 2469848, at *2 (S.D. Ga. May 19, 2011). A defendant cannot "receive a double credit for his detention time." Id. (citation omitted). Diaz-Guadarama argues that the time period from June 21, 2007 to December 12, 2008 should be credited against his federal

sentence. However, this time was credited toward his state sentence. Accordingly, Diaz-Guadarama is not entitled to credit against his federal sentence for this period of time.

Diaz-Guadarama contends that Respondent did not properly consider the requirements of 18 U.S.C. § 3621(b), specifically by failing to contact the sentencing court to inquire into the court's position regarding Diaz-Guadarama's request for *nunc pro tunc* designation. Diaz-Guadarama asserts that the Magistrate Judge improperly relied upon the sentencing court's denial of his motion for clarification as a substitute for proper inquiry. However, the Magistrate Judge noted that the Federal Bureau of Prisons ("BOP") sent a letter to the sentencing judge to determine his position on Diaz-Guadarama's designation request and that no response was received. The Magistrate Judge correctly determined that the BOP validly exercised its discretion pursuant to the procedures set out in the Program Statement 5160.05 and relevant statutes in considering Diaz-Guadarama's request for *nunc pro tunc* designation and such decision should not by disturbed by this Court.

Diaz-Guadarama's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Diaz-Guadarama's 28 U.S.C. § 2241 petition is **DENIED**.

**SO ORDERED**, this 12 day of June, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)